# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:11cr105

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| MICHAEL SCOTT GUMULA. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress and Incorporated Memorandum of Law [Doc. 25].

Pursuant to 28 U.S.C. §636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition. On June 29, 2012, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended denying the motion. [Doc. 33]. The parties were advised that any objections to the Magistrate Judge's recommendation were to be filed in writing within fourteen days of service of the Memorandum and Recommendation and that failure to file objections thereto would preclude the parties from raising any objection on appeal. [Id., at 11]. The Defendant timely filed objections and the Government then filed

reply thereto.

## PROCEDURAL HISTORY

On December 6, 2011, the Defendant was charged in a two count Bill of Indictment with the manufacture of at least 100 marijuana plants and possession with intent to distribute marijuana, in violation of 21 U.S.C. §841(a)(1). [Doc. 13]. On February 9, 2012, Andrew Banzhoff filed Notice of Appearance as retained counsel and moved for leave to file a motion to suppress. [Doc. 19, Doc. 24]. The Defendant was granted leave to file the motion and a hearing was conducted on April 26, 2012. [Doc. 27]. As noted above, the Memorandum and Recommendation was subsequently filed and the motion is now ready for disposition.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir.

1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of [his] entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

## FACTUAL BACKGROUND

The Motion to Suppress attacks the validity of an affidavit provided in support of an application for a search warrant for the residence located at 190 Mount Royal Drive, Arden, North Carolina (190 Mount Royal). The search warrant was issued on October 11, 2011 by Hon. Allen Thornburg, Buncombe County Superior Court Judge, based on the affidavit of Special Agent Ray Genthner (Genthner), North Carolina State Bureau of Investigation (SBI). [Doc. 25-1].

The affidavit contained the following information. On March 3, 2011, the Transylvania County Sheriff's Department (Sheriff's Department) was contacted by the Brevard Police Department (Brevard Police) about eighteen pounds of dried marijuana, potting soil and other paraphernalia which had been found in a dumpster at Brevard College. [Id. at 13-14]. Inside one of the bags found in the dumpster was a Sky Mile card in the name of Katherine Moor of 20 Grandview Avenue, Brevard, North Carolina. [Id.].

On March 21, 2011, a total of one pound of dried marijuana plant waste was found inside bags located in a dumpster at the college. [Id.]. Inside one of those bags was found a Fed-Ex shipping label. [Id.]. The label was later tracked to Katherine Moor-Parreco, who is the same individual as Katherine

4

Moor. [Id.].

The Sheriff's Department was contacted a third time on April 7, 2011 by the Brevard Police concerning discarded drug paraphernalia in a dumpster at Brevard College. [Id.]. Thirteen bags of potting soil were found in the dumpster and inside those bags were found approximately seven and a half pounds of dried marijuana, fifty-four marijuana root balls and twenty-nine starter cubes. [Id.]. The bags were the same brand of potting soil as had been found on March 3, 2011. [Id.].

Based on these findings, the Sheriff's Department installed a surveillance camera in the area of the dumpster. [Id.]. On June 28, 2011, the camera recorded a Toyota Prius driving up to the dumpster. [Id.]. A man and woman got out of the car and dropped bags inside the dumpster. [Id.]. A search of the dumpster was conducted the next day and marijuana growing supplies and material were found inside the dumpster. [Id.]. A review of the surveillance video by Detective Shular of the Sheriff's Department resulted in his identification of the man and woman on the recording. [Id.]. He identified them as Shane and Katherine Parreco based on his previous encounters with those individuals. [Id.]. Katherine Parreco owns a Toyota Prius and both she and Shane have a previous criminal history of marijuana cultivation. [Id.].

Although the Parrecos reside at the Grandview address in Brevard, Katherine leased the residence at 190 Mount Royal, Arden, North Carolina, from December 9, 2010 through May 17, 2011. [Id. at 15]. During that time period the account for the provision of electricity to that residence was in her name. [Id.].

The Defendant has objected to the Magistrate Judge's inclusion of the preceding five paragraphs in the Memorandum and Recommendation on the ground that the information contained therein relates to persons other than the Defendant.

Since January 24, 2011, Katherine Parreco also had the electricity account for 172 Mount Royal Drive, Arden, North Carolina (172 Mount Royal) held in her name. [Id.]. This residence is adjacent to 190 Mount Royal. [Doc. 25-2 at 7]. On May 17, 2011, the Defendant had the electricity at 190 Mount Royal placed in his name. [Doc. 25-1 at 15]. Genthner's affidavit contained the statement that "Gumula has a previous marijuana history in North Carolina and Washington D.C." [Id.]. The Defendant has not objected to the inclusion of this sentence in the affidavit but maintains that the fact that these charges were dismissed should have been included. [Doc. 34 at 1-2]. He has not provided proof of such dismissal. Nor has he cited to any portion of the

6

suppression hearing at which this fact was elicited. For that reason, among others, the objection is not sustained.

Genthner's affidavit continued with a recounting of events recovered through surveillance conducted after the end of June 2011. [Doc. 25-1 at 15]. On September 14, 2011, Ms. Parreco's 2004 Toyota pickup was seen during surveillance at 190 Mount Royal and also at 172 Mount Royal where it remained all night. [Id. at 12, 15].

Genthner also obtained Progress Energy power records for a four month period preceding October 11, 2011 for the following residences: 168 Mount Royal Drive, Arden, North Carolina (168 Mount Royal), 170 Mount Royal Drive, Arden, North Carolina (170 Mount Royal), 172 Mount Royal and 190 Mount Royal. [Id.]. These residences have similar square footage; however, since May 2011, the residences located at 172 and 190 Mount Royal have used approximately five times as many kilowatts of electricity as did the other two residences. [Id.]. Such usage, according to Progress Energy records, was unusually high with no apparent explanation therefor. [Id.]. Based on Genthner's training and almost ten years of experience as a law enforcement officer in narcotics, including his current assignment to the Drug Enforcement Agency, such usage is consistent with the use of halide lights illuminated in

7

an on and off cycle for indoor marijuana cultivation. [Id. at 15-16]. His experience has also shown that marijuana growers use 1000 watt grow lights, such as halide lights, over a three to six month period while the plants reach maturity. [Id. at 16]. In addition, other electrical appliances such as fans, transformers, timers and irrigation are used to maintain a consistent temperature for the plants and to assist in the on/off lighting cycles. [Id.]. All of these appliances use electricity. [Id.].

In addition to the heavy use of electricity, the outward appearance of 190 Mount Royal indicated that it was unoccupied. [Id. at 8-16]. Photographs taken of the residence, as well as surveillance, show closed window blinds and an overgrown, unkempt yard and exterior of the house. [Id.]. Based on Genthner's training and experience, these factors are indicative of indoor marijuana cultivation. [Id. at 16].

As previously noted, the search warrant was issued on October 11, 2011. On October 12, 2011, law enforcement officers executed the search warrant for 190 Mount Royal. An indoor marijuana cultivation operation was found inside. The Defendant was present inside the residence and was taken into custody.

## DISCUSSION

The Defendant acknowledges that the Magistrate Judge applied the correct standard of review to the issuance of a search warrant. [Doc. 34 at 2].

> [A] judicial officer's determination of probable cause [for a search warrant] customarily is accorded great deference by reviewing courts. In determining whether there was probable cause to believe that [the Defendant's] house contained [evidence of marijuana cultivation] at the time the warrant was issued, the relevant question is whether the known facts and circumstances were sufficient such that a person of reasonable prudence could conclude that the described evidence would be found in that particular place. The probable cause standard is not defined by bright lines and rigid boundaries but allows a [judicial officer] to review the facts and circumstances as a whole and make a common sense determination whether there is a fair probability that evidence of a crime will be found.
> ...
> [L]aw enforcement officers legitimately may choose to include a variety of information when submitting a search warrant application. [W]hen considering the merits of a judicial officer's probable cause determination, [the court] review[s] a search warrant application in its entirety to determine whether the application provided sufficient information to support the issuance of the warrant.

United States v. Wellman, 663 F.3d 224, 227-28 (4th Cir.), cert. denied __ U.S. __, 132 S.Ct. 1945, 182 L.Ed.2d 800 (2012) (internal quotations and citations omitted).

As an initial matter, it is noted that it is very difficult to discern what the Defendant objects to in the Magistrate Judge's Memorandum and

Recommendation. The majority of Defendant's objection is devoted to an argument that the good faith exception to the probable cause requirement, as articulated in United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996) does not apply. [Doc. 34 at 2-4]. The Magistrate Judge, however, does not recommend that the Court conclude that such exception should apply. Particularly, the Magistrate Judge stated that "the application provided sufficient information for Judge Thornburg to find probable cause and to support the issuance of a search warrant for 190 Mount Royal Drive." [Doc. 33 at 7]. Wilhelm stands for the proposition that where a search warrant is **not** supported by probable cause, the court may consider whether the good faith exception to the exclusionary rule may apply. In arguing that the good faith exception may not apply here, counsel completely overlooked the Magistrate Judge's well reasoned discussion of why, considering the application in its entirety, it provided sufficient information to establish probable cause. Buried in the Defendant's argument is the assertion that "even with the inaccurate and misleading conclusions, the information in the affidavit fails to provide the judicial officer with sufficient facts to make a determination of probable cause." [Doc. 34 at 3]. This assertion, however, is made in connection with Defendant's argument that certain facts in the Genthner affidavit were not

10

properly before the Court. This falls far short of the requirement that "Parties filing objections must specifically identify those findings objected to." Battle 834 F.2d at 421. Nowhere does Defendant actually object to the Magistrate Judge's proposed finding and conclusion that "the application provided sufficient information for Judge Thornburg to find probable cause and to support the issuance of a search warrant for 190 Mount Royal Drive." [Doc. 33 at 7]. For this reason alone Defendant's objections must fail.

Nevertheless, the Defendant focuses in his objections on certain aspects of the evidence contained in the application. Therefore, the Court will briefly address the contents of the application. The Defendant objects to the consideration of the facts which led up to the investigation of 190 Mount Royal, claiming such facts relate solely to two other individuals, Shane and Katherine Parreco. Law enforcement officers, however, "legitimately may choose to include a variety of information when submitting a search warrant application." Wellman, 663 F.3d at 228. Indeed, it is preferable for the application to contain the details of the investigation which led up to application, including surveillance, evidence retrieved from trash, and the linking by officers of a defendant to the residence to be searched. United States v. Roberson, 332 F. App'x. 290 (6th Cir.), cert. denied __ U.S. __, 130

S.Ct. 184, 175 L.Ed.2d 116 (2009); <u>United States v. Hudspeth</u>, 459 F.3d 922, 927 (8th Cir. 2006), <u>overruled in part on other grounds</u> 518 F.3d 954 (8th Cir. 2008) (application for search warrant of defendant's business computer contained details of the investigation leading up to the application). The evidence found in the dumpsters at Brevard College led the officers to Katherine Moor-Parreco. Her car was seen at the dumpster and an officer viewing the surveillance video identified her from past encounters. Business records from Progress Energy then led to Ms. Parreco's account for electricity at 190 Mount Royal, an account disconnected on May 17, 2011 and reconnected that same date by the Defendant. The records from Progress Energy also showed an unexplained but extremely high usage of electricity at that address. Sich high usage was present during the time the account was in Ms. Parreco's name, and continued when it was changed to Defendant's name. Moreover, the usage was consistent with indoor marijuana cultivation based on the officer's training and experience. <u>United States v. Henry</u>, 673 F.3d 285 (4th Cir.), <u>cert. denied</u> 2012 WL 1985609 (2012) (use of excessive kilowatt hours at residence indicative of indoor marijuana growing operation for purposes of application for search warrant). "[T]he police possess specialized law enforcement experience and thus may draw reasonable

12

inferences of criminal activity from circumstances which the general public may find innocuous." United States v. Mendoza, 421 F.3d 663, 667 (8th Cir.), cert. denied 547 U.S. 1083, 126 S.Ct. 1804, 164 L.Ed.2d 541 (2006) (internal quotation and citation omitted). The affidavit sets out this factual chain which led the officers and the court to have probable cause to believe that certain criminal activity was taking place at 190 Mount Royal. The Magistrate Judge committed no error by reciting this portion of the facts recounted in the application. Moreover, it was proper for the judicial official to have considered these facts in his probable cause determination.

The Defendant also claims that Genthner's affidavit was knowingly or recklessly false because he omitted the fact that the Defendant's two prior drug charges were dismissed. [Doc. 34 at 3]. Genthner did not state that the Defendant had been convicted; he stated that the Defendant "has a previous marijuana history in North Carolina and Washington." [Doc. 25-1 at 15]. This statement was one of many facts recounted to support probable cause that evidence of a drug offense would be found at 190 Mount Royal. United States v. Lasdulce, 237 F. App'x. 811 (4th Cir. 2007). Nor was it false since the Defendant does not dispute that he had been arrested on drug charges. United States v. Caudle, 430 F. App'x. 809, 812 (11th Cir. 2011) (search

warrant based on officer's knowledge of defendant's prior arrest and his previous dealings with defendant established probable cause); United States v. Bynum, 293 F.3d 192, 197 (4th Cir. 2002) ("An officer's report in his affidavit [in support of a search warrant] of the target's prior criminal activity or record is clearly material to the probable cause determination.") (internal quotation and citation omitted). Even if this statement, standing alone, were problematic, when taken with the other evidence present here it is sufficient to establish probable cause. It also bears noting that the other evidence is sufficient to establish probable cause even without this statement.

The Defendant also argues that the statement in Genthner's application concerning the location of the Toyota pickup on September 14, 2011 was "vague, incomplete and leave[s] the impression that there actually existed some evidence of connection between [Ms. Parreco] and the defendant." [Doc. 34 at 3]. "[I]n assessing whether the warrant was based on probable cause, [the court] does not view each supporting fact or episode in isolation." United States v. Cantu, 405 F.3d 1173, 1177 (10th Cir. 2005). Thus, the location of a vehicle known to be used by an individual suspected of drug activity may be one fact considered among the totality thereof. United States v. Howard, 368 F. App'x. 892 (10th Cir. 2010). The evidence found by the

14

Brevard Police contained direct links to Ms. Parreco. That evidence was highly probative of an indoor marijuana cultivation. Katherine had previously leased 190 Mount Royal and she disconnected the electricity at that address on the same day that the Defendant re-connected it. The location of her vehicle at the residence next door is therefore probative of a connection between the Defendant and Ms. Parreco. "While one fact alone may not support a finding of probable cause, a cumulative assessment may indeed lead to that conclusion." Cantu, 405 F.3d at 1177.

Considering the totality of the information presented in support of the application for a search warrant, the Court finds that "the known facts and circumstances were sufficient such that a person of reasonable prudence could conclude that the described evidence would be found in that particular place." Wellman, 663 F.3d at 227-28. The judicial officer here reviewed "the facts and circumstances as a whole and ma[d]e a common sense determination [that] there [was] a fair probability that evidence of a crime [would] be found." Id. As a result, the Defendant's motion to suppress is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation are hereby **REJECTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress and Incorporated Memorandum of Law [Doc. 25] is hereby **DENIED**.

Signed: October 3, 2012

Martin Reidinger
United States District Judge